UNITED STATES DISTRICT COURT
<u>NORTHERN DISTRICT OF NEW YORK</u>

IN RE BRUCE MARTIN,

Debtor.

Chapter 13
Bankr. Case No. 04-17210

Dist. Ct. Case No. 1:06-CV-1311
(LEK)

**DECISION AND ORDER**

**I.  Background**

Appellant George Hom ("Appellant" or "Hom") has filed a Motion for reconsideration (Dkt. No. 6) of this Court's Order of November 6, 2006 (Dkt. No. 3), which dismissed Appellant's bankruptcy appeal for non-compliance with Bankruptcy Rules 8001, 8002 and 8006.  Familiarity with the facts and background of this case, and related case filings[1], is presumed.

Appellant argues that he did, indeed, attempt to comply, to the best of his understanding and financial ability, with the Bankruptcy Rules and the Notice of deficiency from the Bankruptcy Court, but that, *inter alia*, the confusing nature of bankruptcy appeals and the Bankruptcy Rules have made it difficult for Appellant to comply.  <u>See</u> Appellant's Affirm. in Support (Dkt. No. 6) at ¶ 8.  Furthermore, Appellant contends, *inter alia*, that a reading of his papers shows there to be merit to his appeal, and dismissal of his appeal due to procedural faults would be an injustice.  <u>Id.</u>

Appellant brings the current Motion pursuant to Federal Rules of Civil Procedure 59 and 60, <u>see</u> Motion for Reconsid. (Dkt. No. 6).  No opposition to the Motion has been filed.

---

[1] Appellant has filed several bankruptcy appeals in this Court from the same matter proceeding in Bankruptcy Court, including, *inter alia*, District Court Case Numbers 1:05-CV-0471(LEK), 1:05-CV-1586(LEK), and 1:06-CV-0225(LEK).

1

## II.  Discussion

Courts have found that District Courts are vested with broad discretion in reviewing, and granting or denying, motions to alter, amend or modify judgments.  See, generally, Baker v. Dorfman, 239 F.3d 415, 427 (2d Cir. 2000) (citing McCarthy v. Manson, 714 F.2d 234, 237 (2d Cir.1983) (per curiam)); Baez v. S. S. Kresge Co., 518 F.2d 349, 350 (5th Cir. 1975), cert. denied, S. S. Kresge Co. v. Baez, 425 U.S. 904 (1976).

Furthermore,

> Under the Federal Rules of Civil Procedure, a motion to alter or amend a judgment provides an efficient mechanism by which the trial court judge can correct an otherwise erroneous judgment without implicating the appellate process.  Such a motion is appropriate if there is intervening change in controlling law, new evidence not previously available comes to light, or it becomes necessary to remedy a clear error of law or to prevent obvious injustice.  However, a motion under Fed. R. Civ. P. 59(e) is not appropriately used to present new issues or evidence.  Thus, a motion to amend or alter a final judgment cannot be used to raise arguments which could and should have been made before the trial court entered final judgment, nor is it intended to give an unhappy litigant one additional chance to sway the judge. Where the plaintiff brings up nothing new, the court has no proper basis upon which to alter or amend the order previously entered.

47 AM. JUR. 2D *Judgments* § 658 (2006) (footnotes omitted).  And, "[a] court is justified in reconsidering its previous ruling if: (1) there is an intervening change in the controlling law; (2) new evidence not previously available comes to light; or (3) it becomes necessary to remedy a clear error of law or to prevent obvious injustice."  Rodick v. City of Schenectady, 155 F.R.D. 29, 29 (N.D.N.Y. 1994) (McAvoy, C.J.) (citing Larsen v. Ortega, 816 F. Supp. 97, 114 (D. Conn. 1992)).

Furthermore, Rule 60(b) states, in relevant part, "On motion and upon such terms as are just, the court may relieve a party or a party's legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect;... (4)

the judgment is void;... or (6) any other reason justifying relief from the operation of the judgment." FED. R. CIV. P. 60(b).

The Court has reviewed the relevant law, and Appellant Hom's proffered arguments, facts and evidence, and has determined that Appellant has failed to meet the standards set forth above, as required for success on his Motion.

### III.  Conclusion

Based on the foregoing discussion, it is hereby

**ORDERED**, that Appellant's Motion for reconsideration (Dkt. No. 6) is **DENIED**; and it is further

**ORDERED**, that the Clerk serve a copy of this Order on all parties.

**IT IS SO ORDERED**.

DATED:    January 23, 2007
          Albany, New York

Lawrence E. Kahn
U.S. District Judge

3